IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LACONYA C.,[1]  )
for the use and benefit of R.C. and R.J.,  )
                                                                           )
     *Plaintiff*,  )
                                                                           )
v.  )   Civil No. 3:23-cv-830–HEH-SLS
                                                                           )
LELAND DUDEK,[2]  )
Acting Commissioner of Social Security,  )
                                                                           )
     *Defendant*.  )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss and
Granting Defendant's Motion for Summary Judgment)

Plaintiff LaConya C., proceeding *pro se*, filed this action challenging the Commissioner of the Social Security Administration's ("SSA") calculation of Title II disability insurance benefits available to her and child's insurance benefits available to her minor children. (ECF No. 5, at ¶ 6.) This matter now comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment. (ECF Nos. 10, 11.) Specifically, the Commissioner moves to the dismiss Plaintiff's claims because she has failed to exhaust administrative remedies and thus has

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

[2] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Commissioner as Defendant in this action. No further action need be taken. 42 U.S.C. § 405(g).

not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g). (ECF Nos. 10, 11, 12.)

Through both a Roseboro Notice filed by the Commissioner (ECF No. 13) and an Order filed by this Court (ECF No. 14), Plaintiff received notice that the Court could dismiss her action on the basis of the Commissioner's motions and that she had a right to respond to the motions within a certain time frame. Plaintiff failed to respond to the Commissioner's motions, and the time in which to do so has passed, making this matter ripe for disposition.

For the reasons set forth below, and given Plaintiff's failure to exhaust mandatory administrative remedies, the Court will GRANT Defendant's Motion for Summary Judgment (ECF No. 11), DENY Defendant's Motion to Dismiss (ECF No. 10), and DISMISS WITHOUT PREJUDICE Plaintiff's claims.

## I. STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (internal quotations omitted). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey*, 706 F.3d at 387) (alteration in original). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019)

2

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 678).

A court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

### B. Rule 56 Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that might affect the outcome of a party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hogan v. Beaumont*, 779 F. App'x 164, 166 (4th Cir. 2019). A genuine issue concerning a material fact arises when the evidence is sufficient to allow a reasonable trier of fact to return a verdict in the party's favor. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The burden

then shifts to the non-moving party to identify specific facts showing there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 248 (1986). The non-moving party must present some evidence other than conclusory or speculative allegations or a "mere scintilla of evidence" to survive summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). At the summary judgment stage, the Court views the facts presented by the evidence, and reasonable inferences therefrom, in the light most favorable to the nonmoving party. *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (citing *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)).

### C. Standard for *Pro Se* Litigants

Pleadings filed by *pro se* litigants should be afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Similarly, "appearing pro se does not relieve plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure" or this Court's orders. *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. Dec. 20, 2021). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and

4

precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

## II.   UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

On May 21, 2019, Plaintiff filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), alleging disability beginning on January 1, 2013. (Declaration of Andre Moore ("Moore Decl.") at ¶ 2(a), ECF No. 12-1.) Plaintiff's application listed minor child R.C., making that child's protective filing date for child's insurance benefits the same as Plaintiff's. (Moore Decl. at ¶ 2(b).) Plaintiff filed another application for child's insurance benefits on behalf of R.J. in September 2022. (Moore Decl. at ¶ 2(c).) The Commissioner subsequently awarded disability insurance benefits and supplemental security income to Plaintiff and child's insurance benefits to both minor children. (Moore Decl. at ¶¶ 2(d)-(f).)

In June 2023, Plaintiff submitted a letter to the SSA requesting a "full and complete investigation" regarding "the timing and amount of benefits paid." (Moore Decl. at ¶ 2(g) & Ex. 1(A).) Specifically, Plaintiff sought a case review of her "monthly benefit amount, incorrect retroactive benefit and eligibility status." (Moore Decl. Ex. 1(A).) The SSA treated this letter as an appeal and is "actively reviewing Plaintiff's appeal," including the benefits paid to Plaintiff, R.C., and R.J. (Moore Decl. at ¶¶ 2(h)-(i).) Plaintiff's appeal remains pending, and no final decision has been issued by the Commissioner. (Moore Decl. at ¶¶ 2(i), 2(k).)

5

With her appeal pending, Plaintiff initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application"). (ECF No. 1.) Plaintiff attached to the Application a proposed Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (the "Complaint") that appeared to assert claims of computer hacking and social security fraud and failed to identify a final decision of the Commissioner at issue. (ECF No. 1-1.) On December 14, 2023, the Court granted the Application but ordered Plaintiff to file an amended complaint particularizing her claims against the Commissioner. (ECF No. 2.) The Court cautioned Plaintiff that failure to file an amended complaint by January 14, 2024, would result in dismissal of her claims. (ECF No. 2, at 3.)

On January 18, 2024, Plaintiff filed a "Motion for Bill of Particulars," clarifying that she sought to assert a disability insurance benefit claim to recover her full retroactive backpay benefit during the period of October 31, 2016, to June 10, 2022, and child's insurance benefit claims on behalf of her two dependents to challenge their monthly benefit calculation. (ECF No. 3, at ¶ 6.) The Court interpreted the motion as Plaintiff's attempt to file an amended complaint as ordered by the Court. (ECF No. 4.) Therefore, the Court directed the Clerk to file Plaintiff's motion and accompanying attachments as Plaintiff's Amended Complaint and to serve the same on the Commissioner. (ECF Nos. 4, 5.)

On May 28, 2024, the Commissioner filed the Motion to Dismiss for Failure to State a Claim (ECF No. 10) and Motion for Summary Judgment (ECF No. 11), as well as a consolidated brief in support (ECF No. 12). Simultaneous with the motions, the

6

Commissioner filed a Roseboro Notice informing Plaintiff that: (1) she had a right to file a response to the Commissioner's motions within 21 days; (2) the Court could dismiss the action and enter judgment in the Commissioner's favor based on the motions; and (3) any response filed must identify any factual disputes and set forth her version of the facts through affidavits or other responsive materials. (ECF No. 13.)

On August 14, 2024, having received no response from Plaintiff, the Court issued an Order advising Plaintiff that: (1) the Commissioner had filed motions that, if granted, could result in the dismissal of the action; (2) she had a right to file a response, including a legal brief, opposing the motions; (3) any response should also identify all facts stated by the Commissioner with which Plaintiff disagrees and set forth Plaintiff's version of the facts through affidavits or sworn statements; and (4) the Court could dismiss the action based on the Commissioner's motions if Plaintiff did not file a response. (ECF No. 14.) The Court ordered Plaintiff to file any response to the Commissioner's motions within 21 days from the date of the Order or by September 4, 2024. (ECF No. 14.) Plaintiff has not filed any response to the motions.

### III.    ANALYSIS

#### A. **Because the Court Must Consider Materials Beyond the Pleadings, It Will Deny the Commissioner's Motion to Dismiss for Failure to State a Claim**

The Commissioner filed both a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 10) and a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 11). In the consolidated brief submitted in support of both motions, the Commissioner

7

argues that Plaintiff's claims must be dismissed because she failed to exhaust her administrative remedies. (Br. in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. or, in the Alternative, for Summ. J. ("Def.'s Br.") at 1, ECF No. 12.) The Commissioner relies on materials beyond the scope of the complaint, including a Declaration by Andre Moore, an official within the SSA, to establish Plaintiff's failure to exhaust. (ECF No. 12-1.)

As recognized by the Fourth Circuit, "a Rule 12(b)(6) motion to dismiss, which addresses the sufficiency of the complaint, generally does not enable the court to determine whether the exhaustion requirement has been satisfied or whether it has been waived or should be excused, because exhaustion is treated as an affirmative defense." *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023). Indeed, courts should rule on an affirmative defense at the motion to dismiss stage, "only in the 'relatively rare circumstances' when 'all facts necessary to the affirmative defense clearly appear on the face of the complaint.'" *Id.* at 586 (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)).

Because the Commissioner relies on facts presented through a declaration and other documents outside of Plaintiff's Amended Complaint, it would be inappropriate for the Court to consider them under Rule 12(b)(6).[3] *See* Fed. R. Civ. P. 12(d) ("If, on a

---

[3] The Commissioner argues that these facts can be considered on a motion to dismiss because "the existence of a 'final decision' from the Commissioner of Social Security is integral to the complaint . . . ." (Def.'s Br. at 3.) The Court disagrees. The Commissioner is not asking the Court to consider a document (i.e. the final decision) which may be integral to Plaintiff's Amended Complaint but instead facts outside of the pleadings which establish the absence of such a final decision. Under *L.N.P.*, this matter does not fall into the category of rare cases where "'facts sufficient to rule on an affirmative defense [such as exhaustion] are alleged in the complaint.'" 64 F.4th at 586 (quoting *Goodman*, 494 F.3d at 464).

motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Therefore, the Court will deny the Commissioner's Motion to Dismiss for Failure to State a Claim (ECF No. 10) and turn to the Commissioner's Motion for Summary Judgment (ECF No. 11).

### B. The Court Will Grant the Commissioner's Motion for Summary Judgment Because Plaintiff Has Failed to Exhaust Mandatory Administrative Remedies

The Social Security Act permits judicial review only after a claimant has obtained a final decision. Specifically, the Act states: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency *except as herein provided*." 42 U.S.C. § 405(h) (emphasis added). It in turn provides:

> Any individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he [or she] was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action* commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). In doing so, "Congress made clear that review would be available only 'as herein provided' – that is, only under the terms of Section 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019).

"By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." *L.N.P.*, 64 F.4th at 583. Under applicable regulations,

9

claimants must complete a four-step administrative review process to exhaust administrative remedies and thereby obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a).

> First, the claimant must seek an initial determination as to his [or her] eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

*L.N.P.*, 64 F.4th at 583-84 (quoting *Smith*, 587 U.S. at 475). Section 405(g) does not entitle a claimant to judicial review in federal court until all four steps have been exhausted. *Id.*

Plaintiff's Amended Complaint challenges the SSA's calculation of benefits owed to her and her dependents. (ECF No. 5, at ¶ 6.) The undisputed facts show that Plaintiff was awarded disability insurance benefits and supplemental security income and that her minor children have been awarded child's insurance benefits on Plaintiff's account. (Moore Decl. ¶¶ 2(d)–(f); *see also* ECF No. 5-1, at 17-31[4] (finding Plaintiff disabled from October 31, 2016 through the June 10, 2022 date of the decision).) While Plaintiff has submitted an appeal seeking a "full and complete investigation" regarding "the timing and amount of benefits paid," that appeal remains under SSA review. (Moore Decl. ¶¶ 2(g)–(i) & Ex. 1(A).) Therefore, the undisputed facts establish that Plaintiff has not received a final decision of the Commissioner—a prerequisite for filing suit. (Moore Decl. ¶ 2(k).)

---

[4] The Court uses the pagination generated by CM/ECF rather than the pagination in the underlying documents.

Although the exhaustion requirement may be excused, the record before the Court does not establish the exceptional circumstances which would excuse compliance with 42 U.S.C. § 405(g). The exhaustion requirement may be excused when: (1) claims in the lawsuit are collateral to claims for benefits; (2) irreparable harm will result from enforcing the exhaustion requirement; and (3) exhaustion would be futile. *L.N.P.*, 64 F.4th at 584 (quoting *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). None of these conditions are satisfied here.

First, Plaintiff's claims, which challenge the calculation of benefits, are not collateral. *Id.* at 587 (finding claims not collateral where the claimant's "own claims for benefits are inextricably intertwined with his systemic claims because both are based on the very same allegedly erroneous method of calculating benefits").

Second, Plaintiff has not shown that she would sustain irreparable injury due to the exhaustion requirement. Plaintiff and her minor children continue to receive their monthly benefits while the SSA reviews Plaintiff's appeal. (Moore Decl. ¶ 2(j).) In addition, to the extent Plaintiff contends she is owed additional benefits, economic hardship alone "is not the kind of equitable condition for which courts have excused exhaustion of the administrative process." *L.N.P.*, 64 F.4th at 588 (quoting *Smith v. Schweiker*, 706 F.2d 777, 781 (2d Cir. 1983) (finding no irreparable harm where claimants were "currently . . . receiving benefits and [were] eligible to make claims for past losses")).

Third, Plaintiff has not shown futility in the exhaustion requirement. Even if a final decision on Plaintiff's appeal does not resolve her concerns, requiring Plaintiff to

11

exhaust her administrative remedies before seeking judicial intervention serves the purpose of providing the SSA the "'opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *L.N.P.*, 64 F.4th at 584 (emphasis removed) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). In other words, exhaustion will provide both Plaintiff and this Court "the benefit of reviewing SSA's decision in light of a reasoned explanation" as to how the benefits at issue were calculated and is therefore "a significant and valuable procedural step." *Id.* at 589.

### IV.  CONCLUSION

If Plaintiff wishes to bring a judicial challenge to how the SSA has calculated benefits owed to her and her children, she must first exhaust mandatory administrative remedies and obtain a final decision from the Commissioner. Until then, any civil action challenging her benefits is premature. For these reasons, the Court will GRANT Defendant's Motion for Summary Judgment (ECF No. 11), DENY Defendant's Motion to Dismiss (ECF No. 10), and DISMISS WITHOUT PREJUDICE Plaintiff's claims.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: February 24, 2025
Richmond, Virginia